TO BE PUBLISHED

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2019-SC-000643-KB

DATE 5/16/20

KENTUCKY BAR ASSOCIATION

MOVANT

*a. hutcheson*

V.    IN SUPREME COURT

JASON PIERCE MAC IAIN    RESPONDENT

## OPINION AND ORDER

Jason Pierce Mac Iain, Kentucky Bar Association (KBA) Number 96500, was admitted to the practice of law in the Commonwealth of Kentucky on May 4, 2015. His bar roster address is listed as 175 Lewis Avenue, Tybee Island, Georgia, 31328. In this default case under Supreme Court Rule (SCR) 3.210, the KBA Board of Governors recommends this Court find Mac Iain guilty of violating SCR 3.130(8.4)(b), SCR 3.130(8.1)(b), and SCR 3.130(3.4)(c). For these violations, the Board recommends that Mac Iain be suspended for 181 days, that Mac Iain be referred to the Kentucky Lawyer Assistance Program (KYLAP), and that Mac Iain be required to pay the costs in this action. We agree with and adopt the Board's recommendation.

## I.  FACTUAL BACKGROUND

Disciplinary action was initiated against Mac Iain after his guilty plea to the misdemeanor charge of endangering the welfare of a minor child. KBA File 19-DIS-0104. By this Court's order dated June 19, 2019, under SCR

3.380(2),[1] Mac Iain was indefinitely suspended from the practice of law in the Commonwealth of Kentucky. *Kentucky Bar Ass'n v. Mac Iain*, 575 S.W.3d 469 (Ky. 2019). Because Mac Iain has failed to respond to the charges in KBA File 19-DIS-0104, the Board of Governor moves this Court to impose discipline under SCR 3.210.

In our prior opinion, this Court stated:

> On March 15, 2017, Mac Iain was charged with endangering the welfare of a minor in *Commonwealth v. Jason P. Mac Iain*, 17-M-01837, in Fayette District Court. The citation stated that Mac Iain and his wife were both unconscious in their home when their minor child called 911, and narcotics and drug paraphernalia were present when the officers arrived. On August 7, 2017, Mac Iain entered a guilty plea to the misdemeanor charge and received twelve months in jail, probated for two years. On September 21, 2017, the Inquiry Commission issued a bar complaint as a result of the conviction.
>
> Mac Iain responded to the bar complaint, and the Office of Bar Counsel (OBC) requested additional information from Mac Iain regarding the results of drug tests taken during the pendency of his court cases related to the underlying charge. However, Mac Iain failed to respond to the inquiries. On March 8, 2018, the Inquiry Commission entered a private admonition for violations of SCR 3.130(8.4)(b) and SCR 3.130(8.1)(b), conditioned on Mac Iain

---

[1] SCR 3.380(2):

In cases in which the Respondent has failed to answer a charge filed pursuant to Rule 3.200, or having answered, has thereafter declined to participate in the disciplinary process the Court may in its discretion, sua sponte or on motion by the Office of Bar Counsel, suspend the Respondent from the practice of law for an indefinite period of time. Reinstatement following an indefinite suspension imposed under this Rule, may be initiated by motion of the Respondent accounting for the failure to respond and requesting a final determination of the matter, and shall be subject to the reinstatement requirements of SCR 3.510. If respondent fails to seek reinstatement within 5 years, Bar Counsel shall move for permanent disbarment.

providing the OBC an executed Kentucky Lawyer's Assistance Program (KYLAP) agreement within 60 days, as well as quarterly monitoring reports showing compliance with any recommendations for one year from the date of the agreement.

As of October 8, 2018, the OBC had received no proof of a KYLAP agreement or monitoring reports from Mac Iain. Due to his failure to comply with the conditions of the private admonition, the Inquiry Commission revoked the private admonition and [on December 12, 2018] issued a charge for violations of SCR 3.130(8.4)(b) (committing a criminal act);[2] SCR 3.130(8.1)(b) (failure to respond to a lawful demand for information from a disciplinary authority);[3] and SCR 3.130(3.4)(c) (knowingly disobeying an obligation under the rules of a tribunal).[4] On December 13, 2018, the Disciplinary Clerk attempted to serve Mac Iain with the charge at his bar roster address, but the correspondence was marked "return to sender." The Disciplinary Clerk was able to locate a new address and served the charge on Mac Iain at a Georgia address on February 2, 2019.

On February 22, 2019, Mac Iain left a voicemail with the OBC stating that he knew he was late in responding to the charge but would state his reasoning for the delay in an email. On February 25, 2019, he emailed the OBC regarding his failure to comply with the conditions of the private admonition and his failure to answer the charge. Mac Iain noted that he wished to "clear this up" because he planned to continue to maintain his license and practice law in Kentucky.

The OBC responded to the email and advised Mac Iain that he needed to contact the Disciplinary Clerk regarding the procedure for filing a late answer. The OBC also requested his current bar roster address. Mac Iain responded to the email stating he would contact the clerk, and he also provided an

---

[2] SCR 3.130(8.4)(b): "It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[3] SCR 3.130(8.1)(b) pertinently states: A lawyer in connection with a disciplinary matter, shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

[4] SCR 3.130(3.4) (c): "A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

3

updated address. He later sent another email stating he spoke to the clerk and suggested that he would file a late answer soon. [Mac Iain filed no answer to the charge.]

*Id.* at 469-470.

## II. PRIOR DISCIPLINE

Mac Iain has not received any final sanctions for disciplinary cases. On April 29, 2019, Mac Iain was suspended by the Board of Governor's for non-payment of bar dues for the 2018-2019 fiscal year. On June 13, 2019, within this same disciplinary case, this Court indefinitely suspended Mac Iain from practicing law in the Commonwealth of Kentucky. He remains suspended as of this date.

## III. AGGRAVATING FACTORS CONSIDERED BY BOARD

Applicable aggravating factors include bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency; submission of false evidence, false statements, or other deceptive practices during the disciplinary process; refusal to acknowledge wrongful nature of conduct; and illegal conduct, including that involving the use of controlled substances. There are no known mitigating factors.

## IV. ANALYSIS

Due to Mac Iain's failure to respond to the current charge, the Commission submitted the matter to the Board of Governors under SCR 3.210(1). The Board unanimously found Mac Iain guilty on all three counts. The Board, by a vote of 13-6, recommends that Mac Iain be suspended for 181

4

days, that Mac Iain be referred to the Kentucky Lawyer Assistance Program (KYLAP), and that Mac Iain be required to pay the costs in this action.[5]

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Mac Iain's guilt. Mac Iain has not filed a notice to this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). Accordingly, the decision of the Board is adopted under SCR 3.370(9).

For the foregoing reasons, it is hereby ORDERED:

1. Jason Pierce Mac Iain is found guilty of SCR 3.130(8.4)(b), SCR 3.130(8.1)(b), and SCR 3.130(3.4)(c); and

2. Jason Pierce Mac Iain is suspended from the practice of law in the Commonwealth of Kentucky for 181 days; and

3. Jason Pierce Mac Iain is referred to KYLAP for evaluation and assistance as necessary; and

4. In accordance with SCR 3.450, Jason Pierce Mac Iain is directed to pay all costs associated with these disciplinary proceedings against him, said

---

[5] The Board also considered recommending that (1) Mac Iain be suspended for 181 days and that Mac Iain be required to pay the costs in this action, and (2) Mac Iain be suspended for 180 days, that Mac Iain be referred to the Kentucky Lawyer Assistance Program (KYLAP), and that Mac Iain be required to pay the costs in this action.

sum being $331.86, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 26, 2020.

CHIEF JUSTICE